HD

Rcv'd by: _____

USDC - BALTIMORE
'24 NOV 25 PM 3:56

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Heather Lynn Scartocci

_____

_____

_____

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**-against-**

"see attached"

_____

_____

_____

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

**Complaint for Employment
Discrimination**

Case No. _____ 24 CV 3402

*(to be filled in by the Clerk's Office)*

Jury Trial:    ☐ Yes    ☐ No
*(check one)*

**Defendants**

Carenet Health Systems & Services, Inc.

t/a Lorien Mt. Airy


and


Maryland Health Enterprises, Inc.

d/b/a Lorien Health Services

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Heather Lynn Scartocci |
| Street Address | 6737 Kernel Court |
| City and County | Frederick, Frederick County |
| State and Zip Code | Maryland 21703 |
| Telephone Number | 301-524-7856 |
| E-mail Address | hmcbain2010@gmail.com |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known).  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Carenet Health Systems & Services, Inc. t/a Lorien Mt. Airy |
| Job or Title (if known) | |
| Street Address | 713 Midway Ave |
| City and County | Mount Airy, Carroll County |
| State and Zip Code | Maryland 21771 |
| Telephone Number | 301-829-6050 |
| E-mail Address (if known) | |

Defendant No. 2

| | |
|---|---|
| Name | Maryland Health Enterprises, Inc. d/b/a Lorien Heath Services |
| Job or Title (if known) | |
| Street Address | 3300 N. Ridge Rd. St. 390 |
| City and County | Ellicott City, Howard County |
| State and Zip Code | Maryland 21043 |
| Telephone Number | 410-750-7500 |
| E-mail Address (if known) | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address (if known) | |

*(If there are more than three defendants, attach an additional page providing the same information for each additional defendant.)*

C. **Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is:

| | |
|---|---|
| Name | Lorien Mt. Airy |
| Street Address | 713 Midway Ave |
| City and County | Mount Airy, Carroll County |
| State and Zip Code | Maryland 21771 |
| Telephone Number | 301-829-6050 |

3

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Other federal law *(specify the federal law)*:

_____

☐    Relevant state law *(specify, if known)*:

_____

☐    Relevant city or county law *(specify, if known)*:

_____

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

### III.    Statement of Claim

1.  The Plaintiff, Heather Lynn Scartocci, was employed by the Defendants, Carenet Health Systems & Services, Inc. t/a Lorien Mt. Airy, and Maryland Health Enterprises, Inc. d/b/a Lorien Health Services, as a Nurse Supervisor at Lorien Mt. Airy.

2.  On January 18, 2021, the Plaintiff informed Catherine Kledo, Director of Nursing at Lorien Mt. Airy, of her pregnancy.

3.  On April 14, 2021, the Plaintiff requested reasonable accommodations for pregnancy-related medical conditions from employees of the Defendants, Catherine Kledo, Director of Nursing, and Suzanne Giangrasso, Administrator, of Lorien Mt. Airy.

4.  The Plaintiff's requests for accommodations were denied by the Defendants, despite being reasonable and not causing undue hardship.

5.  After requesting accommodations, the Plaintiff was retaliated against by the Defendant. This included unfavorable work scheduling and assignments, denial of leave, and ultimately termination of employment on May 9, 2021.

6.  Following the Plaintiff's termination, the Plaintiff was further retaliated against when the Defendant denied the Plaintiff rehire opportunities for which she was qualified.

7.  The Plaintiff was treated less fairly and subjected to unfavorable treatment than male employees and employees seeking reasonable accommodations which caused the Plaintiff financial harm, emotional distress, and other damages.

8.  On April 12, 2023, the Equal Employment Opportunity Commission (EEOC) issued a determination letter finding reasonable cause to believe that the Defendants discriminated against the Plaintiff based on sex/pregnancy and disability, by failure to

accommodate her disability, unequal terms and conditions of her employment,
termination of her employment and retaliation against the Plaintiff for engaging in
protected activity under the Americans with Disabilities Act of 1990, as amended
(ADA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII).

From: JAMES SWAN JAMES.SWAN@eeoc.gov
Subject: EEOC No. 531-2021-01976 Heather Scartocci v Lorien Health Services
Date: Aug 29, 2024 at 7:59:22 AM
To: hmcbain2010@gmail.com

Hi Ms. Scartocci,

Attached is your notice of right to sue. You have 90 days to file in court.

Sincerely,

James



James Swan (He/Him)
Supervisory Investigator
EEOC, Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Direct Phone Line (410) 801-6727


**2024-08-29 Closure Notice-
NRTS 531-2021-01976.pdf**
240 KB

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**Baltimore Field Office**
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
(410) 801-6685
Website: www.eeoc.gov

## CONCILIATION FAILURE AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 08/29/2024

**To:** Heather Scartocci
6737 Kernel court
FREDERICK, MD 21703
Charge No: 531-2021-01976

EEOC Representative and phone:  Legal Unit 267-589-9700

### CONCILIATION FAILURE OF CHARGE

To the person aggrieved: This notice concludes the EEOC s processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 531-2021-01976.

On behalf of the Commission,

Digitally Signed By: Rosemarie Rhodes
08/29/2024
Rosemarie Rhodes
Director

Cc:
Samuel J Mangione
LORIEN HEALTH SERVICES

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 531-2021-01976 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 531-2021-01976 to the District Director at Jamie Williamson, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

**"Actual" disability or a "record of" a disability**

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability".

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐    Failure to hire me.

☑    Termination of my employment.

☐    Failure to promote me.

☑    Failure to accommodate my disability.

☑    Unequal terms and conditions of my employment.

☑    Retaliation.

☐    Other acts *(specify)*: _____

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

January 18, 2021 - August 2024
_____

C.    I believe that defendant(s) *(check one)*:

☐    is/are still committing these acts against me.

☑    is/are not still committing these acts against me.

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☐    race _____

☐    color_____

☑    gender/sex Female _____

☐    religion _____

☐    national origin _____

☐    age. My year of birth is _____. *(Give your year of birth only if you are asserting a claim of age discrimination.)*

☑    disability or perceived disability *(specify disability)*
Pregnancy - related medical conditions
_____

E.  The facts of my case are as follows.  Attach additional pages if needed.

"see attached"

_____

_____

_____

_____

_____

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.  Exhaustion of Federal Administrative Remedies

A.  It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

July 21, 2021

_____

B.  The Equal Employment Opportunity Commission *(check one)*:

☐  has not issued a Notice of Right to Sue letter.

☑  issued a Notice of Right to Sue letter, which I received on *(date)*
August 29, 2024

_____.

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.  Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐  60 days or more have elapsed.

☐  less than 60 days have elapsed.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 531-2021-01976 |

| MARYLAND COMMISSION ON CIVIL RIGHTS | | and EEOC |
|---|---|---|
| *State or local Agency, if any* | | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| **HEATHER SCARTOCCI** | **(301) 524-7856** | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **6737 KERNEL COURT, FREDERICK,MD 21703** | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **LORIEN HEALTH SERVICES** | **15 - 100** | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| **713 MIDWAY AVE, MOUNT AIRY, MD 21771** | | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **01-18-2021**    Latest **05-09-2021**

☐ CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)):*

**I began working for the above-named employer on or around June 15, 2020 as an Evening Shift Nurse Supervisor. I informed Catherine Kledo, Director of Nursing, that I was pregnant on January 18, 2021.I requested leave several months prior to my pregnancy for February to use two days personal leave. On or around February 15, 2021, Suzanne, Administrator, tried to deny my leave due to my pregnancy. On or around April 14, 2021 I informed my employer that my doctor was requesting Short Term Disability leave as a reasonable accommodation. On April 28, 2021 I was informed by my employer that an email and certified letter would be sent that day, informing me that my position will be terminated if I cannot return to work by May 9, 2021 at full duty, therefore denying my Short Term Disability as requested by my doctor. I was discharged on May 9, 2021.**

**At the time of my termination, I was told that I could not take that much time off for my pregnancy.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Digitally signed by Heather Scartocci on 07-21-2021 05:46 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 531-2021-01976 |

| MARYLAND COMMISSION ON CIVIL RIGHTS | and EEOC |
|---|---|
| *State or local Agency, if any* | |

**I believe I was discriminated against due to my sex (female/pregnancy) and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, with respect to denial of reasonable accommodation and discharge.**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Heather Scartocci on 07-21-2021 05:46 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

**1. FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

**2. AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

**3. PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

**4. ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

**5. WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an

investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.



**U.S. Equal Employment Opportunity Commission**
**<u>Notification & Acknowledgement of Dual-Filed Charge</u>**

(This Notice replaces EEOC FORM 212-A)

08/05/2022

EEOC Number: 531-2021-01976

FEPA Number:

This is notice that a charge of employment discrimination, Heather Scartocci v. LORIEN HEALTH SERVICES was initially received by Baltimore Field Office on 07/21/2021 and will be dual-filed with Maryland Commission on Civil Rights.

Pursuant to the worksharing agreement, the Baltimore Field Office intends to Investigate Charge.

The Maryland Commission on Civil Rights acknowledges receipt of the referenced charge, Heather Scartocci v. LORIEN HEALTH SERVICES, and intends to Defer Investigation.

| | |
|---|---|
| Issued by: | Issued on: |
| Baltimore Field Office | 08/05/2022 |
| Acknowledged by: | Acknowledged on: |
| Maryland Commission on Civil Rights | 08/05/2022 |

**III.    Statement of Claim**

E. The facts of my case are as follows.

I began working at Lorien Mt. Airy, operated by Carenet Health Systems & Services, Inc. and Maryland Health Enterprises, Inc., as an Evening Shift LPN Supervisor on June 15, 2020. My role involved managing nursing staff and overseeing patient care during the evening shift.

On January 18, 2021, I informed Catherine Kledo, Director of Nursing, of my pregnancy. Shortly afterward, I experienced a series of discriminatory and retaliatory actions. On April 5, 2021, I was placed on a weight lifting restriction to continue throughout my pregnancy. On April 9, 2021, I was hospitalized due to complications with my pregnancy, including a diagnosis of Placenta Previa. On April 14, 2021, I formally requested reasonable accommodations for my pregnancy-related medical condition when I was placed on short-term disability by Perinatal Specialist, Dr. Jonathan Hodor. These accommodations were denied, despite the fact that my employer claimed to have provided accommodations for six other pregnant employees at the Lorien Mt. Airy facility.

On April 16, 2021, I inquired about maintaining my health insurance and benefits while on short-term disability. Despite multiple communications, my employer failed to provide necessary paperwork to Lincoln Financial Group, delaying the processing of my short-term disability claim.

On April 28, 2021, I was informed by Human Resources Director, Lori Curbow, that my employment would be terminated if I was unable to return to work by May 9, 2021. I received a termination letter via certified mail, stating that my employment had ended due to my inability to

return to work at full duty. After my termination, I was denied rehire opportunities for positions I was qualified to fill.

Additionally, I discovered in October 2021, that my health insurance had not been canceled per my termination letter, which led to unpaid medical bills and denied claims. During this time, my employer also stated that I was terminated due to "disciplinary action" which resulted in denial of my Maryland unemployment benefits. I appealed this statement with the Maryland Department of Labor. The appeal was found in my favor and I was awarded unemployment benefits.

On April 12, 2023, Dilip Gokhale, Director of the Baltimore Field Office of the U.S. Equal Employment Opportunity Commission (EEOC), issued a determination letter finding reasonable cause to believe that my employer violated the Americans with Disabilities Act of 1990, as amended, by discriminating against me by failing to provide reasonable accommodations, deprivation of benefits and privileges of employment, denial of leave, termination, and failure to hire or rehire. Additionally, the U.S. Equal Employment Opportunity Commission (EEOC), determined with reasonable cause that my employer also violated Title VII of the Civil Rights Act of 1964, as amended, through discrimination of me based on my sex/ pregnancy through disparate treatment and unfavorable terms and conditions of employment, denial of leave, termination or constructive discharge, and failure to hire or rehire. My employer retaliated against me by engaging in this conduct that is likely to discourage a reasonable person from engaging in protected activity.

These actions have caused me significant harm, including lost wages, emotional distress, and financial hardship.

On August 29, 2024, Rosemarie Rhodes, Director of the Baltimore Field Office of the

U.S. Equal Employment Opportunity Commission (EEOC), issued me a "Conciliation Failure of

Charge" and "Notice of Your Right to Sue" letter.

## V.    **Relief**

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

"see attached"

_____

_____

_____

_____

_____

_____

## V.    Relief

The Plaintiff asks the Court to order backpay for $225,000.00 to compensate for lost wages and employment benefits by the termination of employment, as recommended by the EEOC during conciliation.

The Plaintiff also seeks compensatory and punitive damages in the amount of $150,000.00 for emotional distress and harm resulting from discrimination, denial of reasonable accommodations, retaliation, and termination, as recommended by the EEOC during conciliation.

The Plaintiff also asks the Court to order payment of $3,081.25 for medical bills caused by the Defendant not terminating health insurance coverage in a timely manner. This has resulted in significant damage to the Plaintiff's credit report for years to come and ability to apply for loans.

The Plaintiff also asks the Court for reimbursement for all court filing fees, service fees, and any other expenses incurred in pursuing this case.

Lastly, the Plaintiff asks the Court to order any other relief that is just and proper, including but not limited to requiring the Defendant to adopt policies and trainings to prevent future discrimination and retaliation against those who have disabilities.

**VI.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**A.    For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 11/25, 2024

Signature of Plaintiff        *Heather Lynn Scartocci*
Printed Name of Plaintiff     Heather Lynn Scartocci

*(If more than one plaintiff is named in the complaint, attach an additional certification and signature page for each additional plaintiff.)*

**B.    For Attorneys**

Date of signing: _____, 20__.

Signature of Attorney       _____
Printed Name of Attorney    _____
Bar Number                  _____
Name of Law Firm            _____
Address                     _____
Telephone Number            _____
E-mail Address              _____