**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Baltimore Field Office**

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Baltimore Direct Dial: (410) 801-6685
FAX (443) 992-7880
Website: www.eeoc.gov

EEOC Charge No. 531-2021-01976

Heather Scartocci                         **Charging Party**
6737 Kernel Court
Frederick, MD 21703

Carenet Health Systems & Services, Inc.   **Respondent**
t/a Lorien Mt. Airy
713 Midway Ave
Mount Airy, MD 21771

Maryland Health Enterprises, Inc.         **Respondent**
d/b/a Lorien Health Services
3300 N. Ridge Rd. St. 390
Ellicott City, MD 21043

## DETERMINATION

Under the authority vested in me by the Procedural Regulations of the Equal Employment Opportunity Commission (EEOC or the Commission), I issue on behalf of the Commission the following determination on the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended (ADA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII). Timeliness and all requirements for coverage have been met.

Charging Party alleges that she was employed at Respondents' Lorien Mt. Airy facility as a Nurse Supervisor. Charging Party alleges that she told Respondents she was pregnant and requested accommodations, but Respondent denied them and then fired her. Respondents deny the allegations.

Charging Party had a disability within the meaning of the ADA, as amended, due to pregnancy-related conditions. The information gathered during the investigation shows that Charging Party requested accommodations due to disability, that they were reasonable, and that Respondents denied them. Respondents did not establish undue hardship. Respondents also retaliated against Charging Party after she engaged in protected activity by subjecting her to materially adverse employment action including but not limited to unfavorable treatment regarding assignments/scheduling, denial of leave, termination, and failure to rehire. Further, Respondents treated Charging Party less favorably than male employees including but not limited to subjecting her to unfavorable terms and conditions of employment concerning assignments, schedules, leave,

termination, and rehiring.

Each Respondent employed Charging Party as an employer, joint employer, or integrated enterprise. Alternatively, each Respondent is an employer as defined by the ADA and Title VII, and their discriminatory and/or retaliatory conduct constituted unlawful third-party interference with Charging Party's rights guaranteed by Title VII and the ADA.

I find there is reasonable cause to believe that Respondents violated the ADA when they discriminated against Charging Party and a class of aggrieved persons because of disability by failing to provide reasonable accommodation, depriving persons of benefits and privileges of employment, denial of leave, termination or constructive discharge, and failure to hire or rehire. Further, Respondents unlawfully retaliated against Charging Party in violation of the ADA by engaging in conduct which is likely to dissuade a reasonable person from engaging in protected activity, including but not limited to the above.

I further find there is reasonable cause to believe that Respondents violated Title VII when they discriminated against Charging Party and a class of aggrieved persons because of sex/pregnancy including subjecting females to disparate treatment and unfavorable terms and conditions of employment, denial of leave, termination or constructive discharge, and failure to hire or rehire. Further, Respondents unlawfully retaliated against Charging Party in violation of Title VII by engaging in conduct which is likely to dissuade a reasonable person from engaging in protected activity, including but not limited to the above.

Upon finding reasonable cause that unlawful employment practices have occurred the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Conciliation is Respondents' opportunity to voluntarily remedy the unlawful employment practices found to have occurred. Ultimately, any conciliation agreement must be acceptable to the Commission. The Commission will provide a conciliation proposal to Respondents.

On behalf of the Commission:

_Dilip Gokhale_          April 12, 2023
Dilip Gokhale               Date
Director
Baltimore Field Office

cc: Samuel J. Mangione, 1205 York Rd. Lutherville, Maryland 21093 (Respondents' counsel).

Please see response from Respondents.

Sam

Samuel J. Mangione
1205 York Road – Penthouse
Lutherville, MD 21093
410-825-8400

**From:** JAMES SWAN <                    >
**Sent:** Monday, July 10, 2023 12:31 PM
**To:** Sam Mangione <              >
**Subject:** 531-2021-01976 Conciliation Proposal to Respondent

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Mr. Mangione,

Please see the attached conciliation proposal. Please let me know Respondent's response by July 17, 2023.

Sincerely,

James



James Swan (He/Him)
Supervisory Investigator
EEOC, Baltimore Field Office
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Direct Phone Line (410) 801-6727

2



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Baltimore Field Office

George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Baltimore Direct Dial: (410) 801-6685
FAX (443) 992-7880
Website: www.eeoc.gov

In the matter of EEOC Charge No. 531-2021-01976

[PROPOSED] CONCILIATION AGREEMENT

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

and

| | |
|---|---|
| Heather Scartocci<br>6737 Kernel Court<br>Frederick, MD 21703 | Charging Party |
| Carenet Health System & Services<br>t/a Lorien Mt. Airy<br>713 Midway Ave<br>Mount Airy, MD 21771 | Respondent |
| Maryland Health Enterprises, Inc.<br>d/b/a Lorien Health Services<br>3300 N. Ridge Rd. St. 390<br>Ellicott City, MD 21043 | Respondent |

An investigation having been made in this matter, and reasonable cause having been found by the U.S. Equal Employment Opportunity Commission (EEOC) that violations of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, and the Americans with Disabilities Act of 1990 (ADA), as amended, have occurred, the parties do resolve and conciliate this matter as follows:

## GENERAL PROVISIONS

1. Respondents shall not engage in any conduct in violation of Title VII or the ADA, including, but not limited to the violations identified in EEOC's Letter of Determination.

2. Respondents shall not engage in any retaliation, intimidation, coercion, or other reprisals against any person because they filed a charge of discrimination or cooperated in any manner in the proceeding or benefitted from this proceeding in any manner, including any person whom EEOC sought information about during its investigation of this matter.

3. Charging Party agrees not to sue Respondents for a violation of Title VII or the ADA with respect to the allegations contained in the above-referenced charge (EEOC Charge No. 531-2021-01976). Likewise, the EEOC agrees not to use the same charge as the jurisdictional basis for filing a lawsuit against Respondents. However, nothing in this Agreement shall be construed to preclude the EEOC and/or Charging Party from bringing a suit or other action,

including one to enforce this Agreement if Respondents fail to perform the promises and representations contained herein. The EEOC does not waive, or in any manner limit its right to process or seek relief in any other charge or investigation including, but not limited to, a charge filed by a member of the Commission (Commissioner's Charge) against Respondents or by any other person.

4. This Agreement shall remain in effect for four (4) years and EEOC may review compliance with this Agreement for a period of four (4) years from the effective date of this Agreement. As part of such review, EEOC may require written reports regarding compliance, inspection of Respondents' premises at reasonable times, review of Respondents' records, and interviews with Respondents' employees or agents. Respondents agree to make available for inspection and copying any records reasonably related to any of these areas upon notice by the Commission. Respondents agree to the reporting requirements as defined by the EEOC.

5. The effective date of this Agreement is the date the EEOC signs the Agreement. It shall be enforceable in federal court, and Respondents consent to federal court jurisdiction for the purposes of enforcement of this Agreement. Nothing in this Agreement shall be construed to constitute a waiver of the EEOC's rights to enforce the Agreement.

## **CHARGING PARTY MONETARY RELIEF**

6. Within ten (10) calendar days from the effective date of this Agreement, Respondents shall pay Charging Party Heather Scartocci as follows: (a) a payment of $225,000.00 for backpay for which an IRS Form W-2 shall issue; and (b) a payment of $150,000.00 for compensatory and punitive damages under Title VII and the ADA for which a Form 1099 shall issue.

7. Respondents shall send payment to Charging Party at an address provided by EEOC and they shall issue IRS Forms for such payment as directed by EEOC. Proof of payment to Charging Party shall be provided to EEOC at the time it is issued.

## **POSTING AND TRAINING**

8. Respondents shall post the EEOC's poster in places visually accessible to employees of Respondents at all locations where persons perform work for them, including every worksite or place of business in Maryland, and all other locations where Respondents operate.

9. Respondents shall fully cooperate with the EEOC concerning all matters addressed in this Conciliation Agreement and shall produce materials sought by the Commission to monitor compliance with this Agreement.

10. Within ninety (90) calendar days of the effective date of this Agreement, Respondents shall develop, implement, and distribute a policy governing all aspects of its employment practices including its commitment to comply with Title VII and the ADA. The policy should be written in clear, simple language and it shall fully comply with all laws enforced by the EEOC. Respondents must maintain copies of the policy in a manner easily accessible to all

employees; this includes posting a copy of the policy on an internal employee website if such exists. Respondents shall require all persons who perform work for them to certify that they have read and understand the policy. Respondents will send copies of the certifications to the EEOC within fourteen (14) calendar days of the date it has been developed pursuant to this Paragraph. The policy should include, but not be limited to, the following provisions:

      a.      An unequivocal statement that Respondents do not and will not subject workers to disparate treatment, materially adverse action, deprive workers of benefits of employment, deny leave, and discharge or constructive discharge based on sex or pregnancy, will not violate the rights of workers secured by Title VII and/or the ADA, and that such conduct violates federal anti-discrimination laws.

      b.      An unequivocal statement that Respondents do not and will not retaliate against any person who engages in protected activity as defined by Title VII and/or the ADA including, but not limited to, asserting rights secured by those statutes, engaging in an interactive process, or opposing or protesting disparate treatment based on sex, pregnancy, or disability.

      c.      An unequivocal statement that Respondents do not and will not discriminate in hiring against any persons based on sex, pregnancy, or disability.

      d.      That any person who believes that Respondents, or anyone acting on their behalf, has engaged in any treatment that may violate federal laws prohibiting employment discrimination is urged by Respondents to report such matters directly to any member of management or directly to the U.S. Equal Employment Opportunity Commission, by reporting such concerns to James Swan, EEOC Federal Investigator, at the U.S. EEOC Baltimore Field Office.

      e.      That Respondents will conduct a prompt and thorough investigation of each and every concern, report, complaint, or other communication reporting that Respondents, or anyone acting on their behalf, has engaged in, tolerated, or permitted, any conduct described in paragraphs (a) and (b), and that as part of that investigation Respondents will: (1) create and maintain complete records identifying the matter being investigated, including maintaining any documents reflecting the reporting of the information that led to the investigation; (2) create and maintain complete records of the investigation conducted, including taking and maintaining witness statements of all persons from whom information was gathered; (3) take prompt and corrective action necessary to stop prohibited conduct; and (4) take prompt and corrective disciplinary action to prevent and correct disparate treatment based on sex, pregnancy, or disability including failing to provide a reasonable accommodation. Respondents shall produce to the EEOC all such records no later than 14 days after they are made, on a rolling basis throughout the period during which the Conciliation Agreement remains effective.

      11.      Within ninety (90) days of the effective date of this Agreement, Respondents shall provide a live, interactive compliance training sessions for all persons who perform work for Respondents at any of its locations. Such training shall be no less than four (4) hours and shall be provided by a qualified external attorney, human resources specialist, or other similar professional to whom the EEOC agrees and at Respondents' expense. The training will include the following: (1) an explanation of Title VII and the ADA with emphasis on prohibited discrimination based on

sex discrimination, pregnancy discrimination, disability discrimination, and prohibited retaliation; (2) the types of employment practices, decisions, or failures to act that violate Title VII and the ADA, including failure to provide leave as an accommodation; (3) the consequences of engaging in prohibited practices or conduct, including an explanation that corrective action will be taken promptly; (4) employees' rights and responsibilities if they experience or witness any matter that may or is suspected to violate rights secured by Title VII and the ADA, including the ways in which persons can report such observations or experiences or report related concerns; and (5) an explanation of Respondents' policies to prevent and prohibit violations of Title VII and the ADA, that Respondents encourage the reporting of any suspected violations, and explanation of how Respondents will investigate such matters, and an assurance that persons who report such matters or participate in any investigation of such matters will not be subjected to retaliation. Respondents will provide a recorded version of this training to all new employees within ten (10) days of their hire. Respondents must maintain attendance lists to the EEOC, along with a copy of Respondents' current non-management employee roster, within fourteen (14) days of the completion of each training session.

12. Within ninety (90) days of the effective date of this Agreement, Respondents shall conduct an additional four (4) hours of live, interactive compliance training for all supervisors, managers, and others with decision-making responsibilities, including those who consider and/or approve leave. The training will emphasize compliant practices, the steps management is expected to take to prevent and eliminate Title VII and ADA violations, how to respond to reported concerns or complaints, and how to engage in the interactive process, including identifying potential accommodations and providing them. Respondents shall conduct such training sessions on an annual basis for the duration of this Agreement. The annual refresher training should be no less than one (1) hour. Respondents shall also provide the training to all new persons who have responsibilities described in this Paragraph within ten (10) days of their hire, promotion, or transfer. Respondents must maintain attendance lists identifying each person who attends each training session must forward a copy of the attendance sheets to the EEOC, along with a current list of all persons described in this Paragraph, within fourteen (14) days of each training session.

## REPORTING REQUIREMENTS

13. For the duration of this Agreement, and beginning no later than the first date of the month that follows its execution, Respondents shall create, record, and retain records that reflect the following information about any person who provides information to Respondents or their staff suggesting that any violation of Title VII or the ADA may have occurred, including any complaints or concerns related to Respondents' alleged failure to provide leave as an accommodation: (1) full name, contact information, and e-mail address; (2) position/s held and work location; (3) the full name, contact information, and e-mail address for each person responsible for supervising the person who has provided the information at issue, including their positions and work locations; (4) a complete description of the information provided, including any records reflecting that communication and the date(s) of the communication; (5) a complete description of all action taken in response by Respondents and/or anyone on their behalf, including the identification of all persons who engaged in such action, the nature of any action taken, and the date(s) of the action(s) taken; and (6) all records concerning the event/s at issue.

14. No later than forty-five (45) days after the execution of this Agreement, and on a monthly basis thereafter, Respondents shall produce to EEOC all records described in Paragraph 13. Respondents will comply with any additional requests from EEOC, including requests to produce electronic and paper records, data, emails and text communications, personnel files, employee disciplinary records, investigative files, and other related material. Respondents will provide EEOC with access to its workplace and records so that the EEOC may monitor compliance with this Agreement.

15. For the duration of this Agreement, Respondents shall, beginning on the first date of each month and ending on the last date of each month, create, record, and retain in both electronic and paper format, the following information about all persons who performed work for Respondents at any time during the month:

   a. Full name;
   b. Social Security Number;
   c. Employee identification number, if applicable;
   d. Last known address
   e. Last known telephone number(s);
   f. Last known e-mail address/es:
   g. Date of birth;
   h. Sex/Gender;
   i. Date of hire;
   j. Position/s held;
   k. Location/s where each person performed work;
   l. For each person listed, whether any person was separated from Respondents' employ and, if so, a complete explanation of why such separation occurred along with documents reflecting all communications between Respondents and each such person, including all data, e-mail, and text correspondence, and all employment-related documents requested by the EEOC;
   m. Whether each person sought a leave of absence, permission to be absent from work for a period of more than two week, or any accommodation (modification of job, schedule modification, reassignment, leave, etc.) and, if so, what was sought and what action if any was taken by Respondents regarding such matters; and
   n. Date of separation, if applicable.

16. No later than forty-five (45) days after the execution of this Agreement, and on a monthly basis thereafter, Respondents shall produce to EEOC all electronic and paper records, including those identified above and all other related records concerning any information the Commission requests to monitor compliance with this Agreement. Respondents will comply with any additional requests including requests for electronic and paper records, including but not limited to personnel files, employee disciplinary records, investigative files, and other related material.

17. All reports and information required by this Agreement shall be sent to EEOC Federal Investigator James Swan at the U.S. EEOC Baltimore Field Office.

18. Within fifteen (15) calendar days of the effective date of this Agreement, Respondents shall provide EEOC with proof of delivery of the payments made to Charging Party pursuant to this Agreement.

19. Within fifteen (15) calendar days of complying with the posting and training requirements described in this Agreement, Respondents shall produce to EEOC a statement written and signed by its highest corporate official confirming that Respondents have fully complied with the requirements of such paragraphs.

## SIGNATURES

I have read this Agreement and I accept and agree to its provisions.

_____            _____
Date                                                       Carenet Health Systems & Services, Inc
                                                                  t/a Lorien Mt. Airy

_____            _____
Date                                                       Maryland Health Enterprises, Inc.
                                                                  d/b/a Lorien Health Services

_____            _____
Date                                                       Heather Scartocci, Charging Party

Approved on behalf of the Commission:

_____            _____
Date                                                       Rosemarie Rhodes, Director